IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES H. MONAHAN, duly appointed personal representative of the estate of David N. Osborne, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>DIANE LAMOGIS, an individual, JOHN AND JANE DOE, any and all persons claiming any interest in personal property of plaintiff, and M. KATHLEEN BREWER, an individual,<br><br>Defendants. | 8:10CV164<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendants M. Kathleen Brewer's and Diane Limogis's motion to dismiss plaintiff's amended complaint, Filing No. 26. By previous order, the plaintiff was granted leave to amend his complaint to cure the defects presented in the original complaint. See Filing No. 22, Memorandum and Order.

In his amended complaint, the plaintiff asserts claims for conversion, negligence and unjust enrichment in connection with allegations that the defendants wrongfully removed gold coins from the plaintiff's decedent's home prior to his death. Defendants contend that the amended complaint fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the

. . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (*quoting Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 56(c), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (*quoting Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* — U.S. —, —,129 S. Ct. 1937, 1949 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at —, 129 S. Ct. at 1949-50. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience

and common sense." *Id.* at —, 129 S. Ct. at 1950. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly,* 550 U.S. at 558; *Iqbal*, — U.S. at —, 129 S. Ct. at 1950 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'").

The court has reviewed the complaint and finds that the complaint adequately alleges claims for conversion, negligence and unjust enrichment under Nebraska law. Tortious conversion is any distinct act of dominion wrongfully asserted over another's property in denial of or inconsistent with that person's rights. *Spear T Ranch, Inc. v. Knaub,* 691 N.W.2d 116, 126-27 (Neb. 2005). To survive a motion to dismiss for failure to state a claim of negligence, a plaintiff must plead the "'four basic elements of

negligence, namely, duty, breach of duty, proximate causation, and damages.'" *Brown ex rel. Watts v. Social Settlement Ass'n,* 610 N.W.2d 9, 11 (Neb. 2000) (quoting *Woollen v. State,* 593 N.W.2d 729, 740 (Neb. 1999). In order to allege an equitable claim for unjust enrichment, a plaintiff need only allege that (1) the defendant received money, (2) the defendant retained possession of the money, and (3) the defendant in justice and fairness ought to pay the money to the plaintiff. *Kanne v. Visa U.S.A. Inc.*, 723 N.W.2d 293, 302 (Neb. 2006).

In the complaint, the plaintiff alleges a right to the coins and alleges the defendants wrongfully asserted dominion and control over them. Under the facts alleged in the complaint, taken as true, those allegations are at least plausible. The plaintiff's allegations of negligence are similarly plausible. He alleges that the defendants had a duty to safeguard the coins and breached that duty causing damage to the plaintiff. The amended petition sets out a narrative that alleges all of the necessary elements to state a claim for negligence. Also, his allegations that the defendants were unjustly enriched are adequate at this stage of the proceedings.

Accordingly, the court finds the defendants' motion should be denied. The defendants' argument that the probate court's decision that he had not proved that his father owned the coins at the time of his death is unavailing. Resolution of that issue of fact is not dispositive of the issues presented in this case. The Supreme Court has explained that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate" and "also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006) (interpreting the exception

to proscribe disturbing or affecting the possession of property in the custody of a state court). However, the probate exception "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* When a plaintiff seeks an in personam judgment for a tort, the federal district court may properly adjudicate the claim. *Id.*

The "res" at issue here is not in the custody of the state court and was not part of the probate estate. The plaintiff's claims against the defendants do not relate to probate matters, he seeks money damages for torts. Whether he can ultimately prove the elements of those tort claims is a question properly addressed in a motion for summary judgment or at trial. Accordingly,

IT IS ORDERED that the defendants' motion to dismiss (Filing No. 26) is denied.

DATED this 28th day of June, 2011.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.