# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES H. MONAHAN, ) | |
| ) | 8:10CV164 |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| DIANE LAMOGIS, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the plaintiff's Motion for Leave to File Supplemental Witness List *Instanter* (Filing No. 58) and the defendants' opposition (Filing No. 59) to the motion. The plaintiff seeks to file an amended trial witness list, which would add three individuals who would likely introduce documents not yet produced or listed in the order on final pretrial conference (Filing No. 51). The plaintiff states these witnesses are newly discovered and have material information related to the parties' claims and defenses. **See** Filing No. 58. The plaintiff indicates the witnesses could not have been listed earlier because counsel identified them through an investigation within the last five to fourteen days. *Id.* ¶ 9.

On May 19, 2011, the court entered an amended final progression order, which required disclosure of trial witnesses by October 28, 2011. **See** Filing No. 31. Such deadline allowed time to depose the listed witnesses prior to the end of discovery on November 30, 2011. *Id.* No party requested an extension of either deadline. The plaintiff filed his trial witness list on October 28, 2011. **See** Filing No. 44. On December 16, 2011, the court held the final pretrial conference and entered the Final Pretrial Order listing witnesses for trial. **See** Filing No. 51.[1] On January 10, 2012, the plaintiff filed the instant motion to supplement the witness list. **See** Filing No. 58. The trial remains scheduled to begin on January 17, 2012. **See** Filing No. 51.

---

[1] The Final Pretrial Order identifies several witnesses and lists several others as "representatives" from various companies. The parties had until January 9, 2012, to identify the name of such representatives. The record contains no evidence any of these representative were identified by name.

The defendants oppose the plaintiff's attempt to add witnesses at this time. **See** Filing No. 59. The defendants argue the plaintiff had sufficient opportunity to timely discover and disclose the proposed witnesses because this case was filed on April 28, 2010, based on a probate proceeding opened in September 2008. *Id.* The defendants argue they will suffer undue prejudice if the amendment is allowed because they have not had an opportunity to depose the witnesses or conduct any other discovery as to the potential testimony. *Id.* at 2. The defendants contend the late disclosure precludes admission of the witnesses under Fed. R. Civ. P. 37(c)(1) and the plaintiff fails to provide any reasonable justification or any explanation why the three witnesses could not be identified until the week before trial. *Id.* at 2-3. In fact, one of the proposed witnesses is the daughter of the deceased, about whom the plaintiff must have known since at least 2008, but who was never identified even as a person with discoverable information. *Id.* at 3. Finally, the defendants do not want to delay trial. *Id.*

In preparation for the Final Pretrial Conference:

> Each party must separately list all witnesses, including rebuttal witnesses, whom that party expects to call to testify, except witnesses who may be called for impeachment purposes as defined in Nebraska Civil Rule 16.2(c). The list must (1) include the city and state where each witness resides and (2) identify witnesses whom the party expects to be present and whom the party may call. <u>Except upon a showing of good cause, a witness whose name and city of residence does not appear on the list will not be permitted to testify over objection for any purpose except impeachment.</u> The witness list must identify each witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived, and unless the witness was disclosed under Federal Rule of Civil Procedure 26(a)(3), over objection the witness may not testify for any other purpose. A witness appearing on any party's witness list may be called by any other party.

NECivR 16.2(a)(2)(D).

"'The power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential' to the judge's control over the case." ***Sellers v. Mineta***, 350 F.3d 706, 711 (8th Cir. 2003) (citation omitted). When a

party fails to provide "discovery under Rule 37, the court may prohibit 'that party from introducing designated matters in evidence.'" *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 268-69 (8th Cir. 1993) (**quoting** Fed. R. Civ. P. 37(b)(2)(B) now found at Fed. R. Civ. P. 37(c)(1)). In fact, "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Additional factors relevant to determining whether to allow undisclosed evidence to be listed for use at trial include: "(1) the importance of the excluded material; (2) the explanation of the party for failure to comply with the disclosure rules; (3) the potential prejudice from allowing the material to be used at trial; and (4) the availability of a continuance to cure such prejudice." *Mathers v. Northshore Mining Co.*, 217 F.R.D. 474, 482 (D. Minn. 2003); **see also** *Diop v. Holder*, 586 F.3d 587, 592 (8th Cir. 2009) (applying ***Sellers***); *Citizens Bank of Batesville, Ark. v. Ford Motor Co.*, 16 F.3d 965, 966 (8th Cir 1994) (applying ***Mathers*** test in exclusion of witnesses). "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines [could not] be met despite a party's diligent efforts.'" *Thorn v. Blue Cross and Blue Shield of Florida, Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989); **see** *Bradford v. DANA Corp.*, 249 F.3d 807, 809-10 (8th Cir. 2001).

      In this case, the plaintiff has completely failed to provide any explanation for his failure to identify the relevant witnesses earlier in the proceeding. The plaintiff's failure to conduct adequate investigation and discovery does not provide good cause for failure to comply with court orders and the rules of court. The defendants would suffer undue prejudice by either a delay of trial or having to proceed without additional discovery as to these three proposed witnesses. The court finds no good cause or substantial justification to permit the plaintiff to amend his witness list at this late stage to add three witnesses discovery could have revealed prior to the beginning of the litigation. Upon consideration,

**IT IS ORDERED**:

1.	The plaintiff's Motion for Leave to File Supplemental Witness List *Instanter* (Filing No. 58) is denied.

2.	The defendants' opposition (Filing No. 59) is sustained.

Dated this 11th day of January, 2012.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.